## OZBURN *et al. v.* FLOURNOY.

Where a married woman sought an exemption of personalty as the property of her husband, alleging that he refused to apply for such exemption, the proceeding was not subsequently amendable by converting it into an exemption of the property as that of the wife as head of the family, based upon the idea that she was living separate from her husband and had a minor child.

Argued December 15, 1899. — Decided January 30, 1900.

Bail-trover. Before Judge Calhoun. City court of Atlanta. July 8, 1899.

*McElreath & McElreath,* for plaintiffs in error.
*S. D. Johnson* and *W. J. Speairs,* contra.

COBB, J. On December 18, 1897, Mittie Flournoy filed and had recorded in the office of the ordinary of Fulton county a paper purporting to be a schedule of property claimed as exempt. The following is an extract from the same, showing such of its parts as are material to the present investigation : "Schedule of personal property belonging to Charles Flournoy, of said county, and claimed to be exempt from levy and sale under section 2866 et seq. of the Code of 1895, and the amendments

thereto, by Mittie Flournoy, also of said county, wife of Charles Flournoy, he being a debtor and head of a family consisting of his said wife and his child Willie Lee Flournoy, age 6 years, and her said husband refusing to file a schedule under said laws for the benefit of said family." On January 28, 1898, she filed and had recorded in the office of the ordinary what purported to be an amendment to the paper above referred to, which was in the following words : "Mittie Flournoy petitions for an amendment to schedule filed and recorded on December 18, 1897, as follows: Mittie Flournoy owns the personal property set aside in said schedule and exemption. She is the head of a family (living separate and apart from her husband for about seven years), consisting of herself and child, Willie Lee Flournoy, six years of age; the property mentioned in said schedule being the property of petitioner, and her separate property." On July 2, 1898, she filed in the same office another paper, purporting to be a further amendment to the paper first above referred to, which was in the following words: "The petition of Mittie Flournoy shows, that on Dec. 18, 1897, she filed with you her schedule of property claimed as exempt from levy and sale, which was duly recorded, and by mistake alleged that it belonged to Charles Flournoy, her husband, and that he was the head of the family, etc. Your petitioner now comes and asks to amend her schedule by striking from said petition the words Charles Flournoy in the second line, the word said that immediately precedes Charles Flournoy's name in the fifth line, and all of lines six, seven, and eight down to the word to wit, and inserting in lieu thereof words so as to make the schedule read and be as follows, to wit: Schedule of personal property belonging to Mittie Flournoy of said county, and claimed to be exempt from levy and sale under section 2040 of the Code of Georgia of 1882, and the amendment thereto, by Mittie Flournoy, the wife of Charles Flournoy, from whom she has been living separate and apart for about seven years, she being a debtor and the head of a family consisting of herself and her daughter Willie Lee Flournoy, age six years." The paper last referred to was recorded by the ordinary on July 19, 1898. On December 23, 1897, certain of the articles of personal property em-

braced in the papers above referred to were levied upon as the property of Mittie Flournoy. On July 2, 1898, she brought an action of trover against the constable making the levy, and against the plaintiff in the execution levied, to recover as her property the articles which had been levied upon. Upon the trial she contended that the property was hers, and was exempt from levy and sale, on account of the homestead which it was contended had been set apart to her under the proceedings above referred to. The jury returned a verdict in her favor for the property sued for; and the case is here upon a bill of exceptions sued out by the defendants, complaining that the court erred in refusing to grant a new trial.

, The paper filed by Mittie Flournoy in the office of the ordinary on December 18, 1897, appears upon its face to be a schedule of property belonging to her husband, which she desired as his wife to have set apart as exempt from levy and sale at the instance of his creditors, for the reason that he had refused to take advantage of the law allowing this to be done. If the property belonged to her husband, the schedule filed was sufficient to exempt the same from levy and sale at the instance of his creditors; but if the property did not belong to him but was hers, then the fact that it had been set apart as a homestead of the husband would not prevent its being seized upon lawful process as her property. It is not, however, contended that she is entitled to take anything under it as a homestead in her husband's favor, but that the schedule filed was intended to be in her own favor and was filed for the purpose of having her own property set apart as exempt. This fully appears from what purports to be the two amendments to the schedule. It is not necessary in this case to determine whether there is any law authorizing the amendment of a schedule filed under section 2866 of the Civil Code. If a schedule so defective as to be void is filed and recorded, there would seem to be no good reason why the debtor should not thereafter file a complete and perfect schedule without regard to such defective schedule; but even if an amendment could be made in any case, no amendment made could ever have the effect of relating back and making perfect a schedule which would be defective and void but

for the amendment. Certain it is, however, that no amendment can be allowed, which would have the effect of changing a schedule setting apart property of the husband, as exempt, from levy and sale for his debts, to a schedule setting apart the same property as the property of the wife and exempt from levy and sale for her debts. Great hardships would result from any other rule. The facts of the present case make this clearly apparent. The constable levies an execution upon property which is not included in any recorded schedule as the property of the defendant in execution, and after the levy a schedule, which would not have put the constable or any one else on notice that the defendant had filed a schedule seeking to have the property exempted from her debts, is allowed to be amended in such a way as to change it into an exemption in her favor, which is now sought to be used as the foundation for holding the constable liable in an action of trespass for levying upon exempted property.

*Judgment reversed. All the Justices concurring.*